**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4608-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HAROLD E. DUFFUS, a/k/a ROCCO
DUFFES, ROCCO DUFFUS, HAROLD
POCCHIO, and GARY SHOEMAN,

    Defendant-Appellant.

_____

Submitted March 17, 2020 - Decided March 31, 2020

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey,
Law Division, Middlesex County, Indictment No.
11-12-1939.

Harold E. Duffus, appellant pro se.

Christopher Kuberiet, Acting Middlesex County
Prosecutor, attorney for respondent (Joie D. Piderit,
Special Deputy Attorney General/Acting Assistant
Prosecutor, on the brief).

PER CURIAM

Defendant Harold E. Duffus appeals from the April 16, 2019 order dismissing his second petition for post-conviction relief (PCR) claiming the State withheld "impeachment material that would have eviscerated the credibility of its only witness,"[1] and the attorneys who represented him at trial and on his first PCR application rendered ineffective assistance by failing to properly investigate the witness's background. The trial court dismissed the claim as time-barred. We agree and affirm.

A jury convicted defendant of first-degree robbery and other offenses in connection with his theft of a $589 drill from Home Depot. At trial, the store's loss prevention officer testified he saw defendant cut open the box containing the drill and place it in a carton for a mailbox, which defendant had taken from another shelf and emptied of its contents. Defendant subsequently purchased the "mailbox" at a self-checkout register for $26.72. The employee, a former Union County police officer, testified defendant threatened him with the boxcutter when he followed defendant out of the store to retrieve the drill.

We affirmed defendant's conviction, State v. Duffus, No. A-2074-12 (App. Div. Apr. 23, 2015) (slip op. at 2), and the Supreme Court denied

---

[1] The State presented two witnesses at trial, a Woodbridge police officer and a Home Depot loss prevention officer. Defendant's claims relate to the latter.

A-4608-18T1

defendant's petition for certification, 223 N.J. 556 (2015). Defendant filed a timely petition for PCR arguing his trial counsel was ineffective for failing, among other things, to conduct a more thorough investigation and effectively cross-examine the State's witnesses. State v. Duffus, No. A-1573-17 (App. Div. Jan. 16, 2019) (slip op. at 4). Defendant also asserted his appellate counsel was ineffective for failing to present those issues and others in prosecuting defendant's direct appeal. Ibid.

The judge conducted an evidentiary hearing on the petition. Defendant's trial counsel testified about his strategy for cross-examining the loss prevention officer, including questions designed to allow the jury to wonder why the witness, who had served for a short time as a police officer, was then working at Home Depot. Following the hearing, the judge denied defendant post-conviction relief, finding defendant had not established either prong of the Strickland[2] standard. We affirmed, noting defense counsel's strategy was to present the loss prevention officer as "willfully dishonest," and having "improperly handled or secured relevant evidence" thus allowing the jury to infer he "'was a bad police officer resulting in his career change and now was a

---

[2] Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

A-4608-18T1

bad loss prevention officer.'" State v. Duffus, No. A-1573-17 (App. Div. Jan. 16, 2019) (slip op. at 6) (quoting the trial court opinion).

Shortly after we issued our opinion affirming the denial of post-conviction relief, defendant filed a second PCR petition, based on records he obtained from Union County in 2018 pursuant to an Open Public Records Act request, including a report of the loss prevention officer's pension contributions when he worked as a county police officer. Defendant contends those records show the witness was "suspended and terminated" from the force.[3] The trial court dismissed the petition by way of order, citing Rule 3:22-4(b).

Defendant appeals contending the court failed to make findings of fact and conclusions of law in accordance with Rule 1:7-4(a) and improperly denied him an evidentiary hearing as he presented a prima facie case of Brady[4] violations and ineffective assistance of trial and PCR counsel. Defendant also

---

[3] As noted, the records in the appendix to which defendant refers purport to be a report of pension contributions. In an entry following the space for "Projected Salary For Next Quarter," which is blank, a "Remark" states "Terminated." The next line provides the "Effective Date" as "06/09/2006" and in a space for "Additional Comments" states "N/A" "SUSP 6/9/06 TERM 7/24/06."

[4] Brady v. Maryland, 373 U.S. 83 (1963).

argues his second petition was not time-barred because our opinion of January 16, 2019, affirming the denial of his first petition "is the actual date of the denial of the first PCR petition" under Rule 3:22-12(a)(2)(C). We reject defendant's arguments as plainly without merit. See R. 2:11-3(e)(2).

Pursuant to Rule 3:22-12(a)(2), no second or subsequent petition for PCR, "[n]otwithstanding any other provision in [Rule 3:22-12], . . . shall be filed more than one year after the latest of:" A) the United States Supreme Court's or the Supreme Court of New Jersey's recognition of a new constitutional right on which the defendant relies, which the Court has made retroactive to cases on collateral review; B) a newly discovered factual predicate, which could not have been earlier discovered through reasonable diligence; and C) "the date of the denial of the first . . . application for post-conviction relief" where the defendant alleges ineffective assistance of counsel representing him on that petition. R. 3:22-12(a)(2)(A) to (C). A 2009 amendment to the rule makes clear beyond question that the one-year limitation for second or subsequent petitions is non-relaxable. R. 3:22-12(b); State v. Jackson, 454 N.J. Super. 284, 293 (App. Div.), certif. denied, 236 N.J. 35 (2018); see also R. 1:3-4(c). Rule 3:22-4(b)(1) requires dismissal of a second petition if untimely under Rule 3:22-12(a)(2).

Application of those rules here makes plain the trial court was correct in dismissing defendant's second PCR petition as untimely. Defendant filed his second PCR petition on March 15, 2019, more than one year beyond the denial of his first petition on August 29, 2017. Defendant's contention that his first petition was not denied until we affirmed the trial court's decision on his appeal is incorrect. See R. 3:22-12(a)(2)(C); Jackson, 454 N.J. Super. at 292. Defendant does not assert that he could not have obtained the loss prevention officer's county employment records earlier, and nothing in the record suggests it. Not only was the petition filed beyond the one-year non-relaxable limitation of Rule 3:22-12(a)(2)(A) to (C), thus requiring its dismissal under Rule 3:22-4(b), but defendant raised, and we rejected, the claim that he received ineffective assistance on his first PCR petition in his appeal from the denial of that petition. Duffus, No. A-1573-17, slip op. at 5-6. Dismissal of the petition was thus appropriate under Rule 3:22-5 as well.

Because defendant's second petition is obviously time-barred under Rule 3:22-4(b), as noted by the trial court in its order, our review was not impeded by the court's failure to more fully explain its findings pursuant to Rule 1:7-4.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-4608-18T1